IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MICHAEL TRAVALINO,
a.k.a. MARK WHITE EAGLE,

In the Matter of :
SHISHY TRAVALINO, a minor,
SHOCKIE TRAVALINO, a minor,
COMET TRAVALINO, a minor,

       Plaintiffs,

vs.                           No. CIV-06-00571 RLP/MCA

SHERIFF'S DEPARTMENT, ET AL.,
PATICK JENNINGS, as an individual.
CHILDREN, YOUTH AND FAMILIES DEPT. ET AL.,
CANDY SARELLANO, as an individual,
HENRY DIXON, as an individual,
STATE OF NEW MEXICO, ET AL.,
ATTORNEY GENERAL, ET AL.,
PATRICIA MADRID, as an individual,
CHAVEZ COUNTY, ET AL.,
FLOYD D. "TERRY" HAAKE, JR., as an individual,
COMMISSIONERS, MICHAEL A. TRUJILLO, DISTRICT 1,
as an individual, HAROLD HOBSON, DISTRICT 2,
as an individual, ALICE EPPERS, DISTRICT 3, as an individual,
RICHARD C. TAYLOR, DISTRICT 4, as an individual,
DORRIE FANBUS-MCCARTY, DISTRICT 5, as an individual,

       Defendants.

## RESPONSE TO APPLICATION FOR A WRIT OF HABEAS CORPUS


COMES NOW Defendants Children Youth and Families Department, Henry Dixon,

individually, Candy Sarellano, individually and Attorney General Patricia Madrid, individually

and State of New Mexico and for their response to the Petition, state:

1. Although there has been no order requiring a response as provided for in Rule 4 of the

    Federal Rules Governing Section 2254 cases, counsel submits this response after being

advised the Clerk is treating this case as a civil case since it did not appear from the petition that Petitioner was incarcerated.

2. As to paragraphs 1 -25, Defendants admit there is no conviction or judgment of conviction under attack (¶1); there was no sentence (¶ 4); no appeal (¶s 11-13); and no post conviction proceedings (¶14). As to the other claims of paragraphs 1-15, no other factual allegations are made except by reference to an addendum. To the extent the allegations of the addendum are incorporated in ¶s 1-25, Defendants incorporate their responses to the addendum as set forth below. Any allegations in ¶s 1-25 not specifically admitted are denied.

3. As to the addendum to the Writ of Habeous (sic) Corpus, the addendum contains ten (10) unnumbered paragraphs. The paragraphs are unnumbered, therefore in order to make this response clear, the paragraphs are quoted below and then the answer provided.

    a. Addendum ¶1: "On or about Sunday June 18, 2006 approximately 8:45 Pm Chaves County Sheriff's forcibly entered the premises at the residence of the said petitioner and his children at 607 E. Gallina Road without a warrant and Corpus Delecti."

    Answer: "Defendants are without sufficient information or belief to admit or deny the allegations of the 1st unnumbered paragraph of the addendum and therefore deny the same.

    b. Addendum ¶2: "Title 28 USCS § Sec. 1356. Seizures not within admiralty and maritime jurisdiction"

    Answer: Jurisdiction under 28 USC §1356 is denied.

    c. Addendum ¶3: Revised: 06-01-2003
    "one case cites this document"

    Answer: No factual allegation is made so no response is required.

    d. Addendum ¶4: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction, except matters

within the jurisdiction of the Court of International Trade under section 1582 of this title."

Answer: This appears to be a quote of 28 USC § 1356. No factual allegation is made so no response is required. If a response is required, unnumbered paragraph 4 to the addendum is denied. To the extent Petitioner is implying that there is jurisdiction under 28 USC § 1356, such jurisdiction is denied.

e. Addendum ¶5: "Chaves County Sheriff further petitioners consent, unlawfully searched seized property and minor children, incorporeal and corporeal. Violative to 4th, 5th and 14th Amendments of the National Constitution."

Answer: Defendants are without sufficient information or belief to admit or deny the allegations of unnumbered paragraph 5 of the addendum and therefore deny the same.

f. Addendum ¶6: "Petitioner and Father demanded council prior to any interrogation to represent each and every child. Said Chaves County Sheriff Department continued to pursue interrogation of said children without council present. Violative to the 6th Amendment and the equal protection clause contained in the 14th Amendment."

Answer: Defendants are without sufficient information or belief to admit or deny the allegations of unnumbered paragraph 6 of the addendum and therefore deny the same.

g. Addendum ¶7: "Petitioner was forcefully restrained, by handcuffs, while the Chaves County Sheriff Department terrorized the children, interrogating them, and extracting them from their beds. They then called in the Children Youth and Families Services, hereby known as CYFD, to removed and place them with Non Indian foster home care. Further terrorizing them by yelling at them to give them information without legal council. This petitioner was contacted and informed that his children were being forcibly taken to a doctor on Tuesday June 20, 2006 which is violative of our religion. Pursuant to the 1st Amendment, Contrary to our Native American Culture and religious beliefs. At Dr's office the said children were violated and forcibly made to undress in front of opposite sex adults without the consent of this petitioner.
While the children were at the Dr's. office each and every one of the children were interrogated AGAIN without legal council as petitioner had demanded at the beginning of this ordeal."

Answer: It is admitted that the children were given medical examinations after legal custody was awarded to CYFD. It is admitted that in the course of the examination the children were asked questions. Any allegation of unnumbered paragraph 7 of the addendum not admitted is denied.

h. Addendum ¶8: "The said children were placed on Sunday night June 18th as a complete unit, together. Since the first placement they have been taken one by one and placed in different non Indian homes, leaving each child with severe emotion trauma, worried each about the other, unable to communicate with their siblings. Contrary to Public Policy, in keeping the unity of a family."

Answer: It is admitted the children are in separate placements. It is denied that the children are not able to communicate with their siblings. Any allegation of unnumbered paragraph 8 of the addendum not admitted is denied.

i. Addendum ¶9: "The Petitioner wants the court to know, that even by June 23, 2006, he was unable to ascertain any charges against him, there wasn't a warrant, to justify the entry into his home, and the unlawful search and seizure of his children and personal property.
This Petitioner as June 22, 2006 spoke with Candy Sarrellano, Social Worker for the said children, at which time requested a copy of writ of commitment. At this said date and time June 23, 2006, this petitioner has not received any writ of commitment."

Answer: It is admitted that Petitioner was never given an "writ of commitment." Any allegation of unnumbered paragraph 9 of the addendum not admitted is denied.

j. Addendum ¶10: "This is Violative of the Writ Habeas Corpus and the Declaration of the Human Rights Act."

Answer: Unnumbered paragraph 10 of the addendum is denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants CYFD and State of New Mexico are entitled to Eleventh Amendment immunity.

3. Defendants acted in good faith.

4. Defendant Candy Sarellano is entitled to absolute immunity insofar as she testified in State Court.

5.    Defendant Henry Dixon is entitled to absolute immunity for his action in

representing CYFD/State of New Mexico in Children's Court as his function is

similar to a prosecutor's function.

6.    Neither the Petitioner nor the children are incarcerated or in custody within the

meaning of 28 USC § 2254.

7.    The individual defendants are entitled to qualified immunity.

WHEREFORE, Defendants pray that the court dismiss this action with prejudice and

grant Defendants their attorney's fees.

Respectfully submitted,


By:   **Filed Electronically**
        Timothy V. Flynn-O'Brien
        Attorney for Defendants Children, Youth &
        Families Department, Candy Sarellano, Henry
        Dixon, State    of New Mexico &Attorney
        General Patricia Madrid
        817 Gold Avenue SW
        Albuquerque, New Mexico 87102
        (505) 242-4088

I HEREBY CERTIFY that a true and correct copy of the foregoing Response was mailed
this  25th day of August, 2006 to:

Michael TravaLino, pro se
P.O. Box 4322
Roswell, New Mexico 88202-4322

Elizabeth L. German
Brown & German
3909 Juan Tabo NE, Suite 2
Albuquerque, New Mexico 87111


By:   **Filed Electronically**
        Timothy V. Flynn-O'Brien, Esq.